IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAYNE A. SUTTON,

        Plaintiff,

v.

LINDA BUCHANAN, *et al.*

        Defendants.

ORDER

20-cv-55-slc

---

WAYNE A. SUTTON,

        Plaintiff,

v.

LARRY FUCHS,, *et al.*,

        Defendants.

ORDER

21-cv-185-slc

---

    Pro se plaintiff Wayne A. Sutton has four cases pending before this court, all involving medical care claims. A settlement conference is scheduled in three of those cases for November 22, 2022. In anticipation of the conference, Sutton has renewed his request in *these* two cases for court assistance in recruiting counsel to represent him. Sutton reports feeling overwhelmed, but I am not persuaded that he needs a lawyer's assistance in order to participate successfully in next week's settlement conference or to continue to litigate his cases, so I am denying his requests instead of staying his cases for what could be a year-long search for a volunteer attorney.

    As Sutton now is well aware, pro se litigants do not have a right to counsel in civil cases, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a court has discretion to help pro se litigants find a lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). Specifically, Sutton

must show that he is unable to afford counsel, that he has made reasonable efforts on his own to find a lawyer to represent him, and that the legal and factual difficulty of the case exceeds his ability to prosecute it. *See Pruitt*, 503 F.3d at 654-55. Sutton has satisfied the second requirement by submitting several letters from attorneys who declined to represent him, and I have no reason to doubt that he has been diligently seeking representation. As for his ability to afford a lawyer, Sutton receives a monthly pension, and he is not proceeding in forma pauperis in the '185 case.[1]

Even if I assume that Sutton cannot afford counsel, he still is on the short end of this court's ratio of pro se plaintiffs to volunteer attorneys. This court gets about 200 new lawsuits every year from pro se plaintiffs, but right now we only have about 15 to 20 attorneys who *might* volunteer to take one case a year. That's a huge gap, which means that the court must decide in each case whether a particular plaintiff should be the beneficiary of the limited resources of lawyers who are willing to respond to courts' requests. *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020).

Sutton's concerns, while understandable, do not persuade me that he needs a lawyer to proceed. I am aware that Sutton faces numerous health challenges, but he says his neck is now pain-free (after having several intervertebral discs removed). and so is his right ankle. Sutton reports that he is untrained in the law and legal research.[2] But nearly all pro se litigants

---

[1] Sutton filed the '185 case in March 2021. The court determined that Sutton qualified as indigent under 28 U.S.C. § 1915 in his three prior-filed, pending cases. *See* dkt. 4 in No. 20-cv-55-slc and No. 20-cv-56-wmc, and dkt. 3 in No. 20-cv-134-slc. Sutton then wrote a letter to the court in September 2020 indicating that he had begun receiving a pension, and has since paid the filing fee in these other cases. *See* dkts. 5, 33, 37 in No. 20-cv-134-slc.

[2] Sutton specifically claims that he is not computer literate, and that is why he has not yet

face similar limitations, with many of them also raising claims issues about their medical care. And while Sutton reports that he has received assistance from other inmates in preparing his pleadings and motions, so far he has shown that he can coherently present his claims and arguments. Sutton had no difficulty following along at the two telephonic preliminary pretrial conferences we have held, and his requests for counsel, as well as his other filings, have been detailed and articulate. As for Sutton's concerns about participating in mentally taxing and writing-intensive pre-release programming, he can ask this court to allow him more time to complete a litigation task for good cause.

Sutton's reports that he feels overwhelmed by the discovery process, which he says he does not understand, and he is anxious about the prospect of summary judgment and trial across his cases. I explained at the preliminary pretrial conferences how to use discovery techniques to gather evidence. Sutton has received the court's preliminary pretrial conference orders and the procedures for filing or opposing dispositive motions and for calling witnesses, which were written for the very purpose of helping pro se litigants understand how these matters work.

The *immediate* task that requires Sutton's focus is his participation in next week's settlement conference. Sutton fears that without a lawyer, he will have to accept an unfair settlement. This won't happen. No one will force Sutton to agree to any offer or to any terms:

---

responded to a defendant's pending motion to dismiss in No. 20-cv-134-slc. If settlement talks are unsuccessful, then I will reset briefing on the motion to dismiss, so that Sutton will have another opportunity to oppose it. In preparing an opposing brief, Sutton could begin by reviewing the court's leave to proceed order in that case and by reading the cases cited in the defendant's brief.

if he doesn't like what he's being offered, then he can just say no and continue with his lawsuits. Also, the settlement conference will be overseen by a court-employed mediator who is very experienced in working with pro se parties and who is completely neutral as to the outcome. In this court, inmate plaintiffs regularly settle their lawsuits on terms that are fair and satisfactory to them. Sutton knows what he has experienced in terms of his medical treatment better than anyone else, and I do not doubt his ability to advocate for himself in settlement talks. If litigation continues, then Sutton can also use his personal knowledge to obtain relevant documents, such as medical and administrative records, along with other relevant information from defendants through the discovery process.

      In sum, I understand Sutton's concerns and I empathize with them. Federal lawsuits are not easy, even for lawyers. But I have not seen evidence that Sutton is more limited than the typical pro se prisoner litigant who comes before this court. Sutton is capable of participating successfully in settlement talks without a lawyer, and if he does not settle, then he is capable of litigating his cases to obtain the best outcomes available on the facts and the law.

ORDER

It is ORDERED that plaintiff's motion for reconsideration of the court's order denying assistance in recruiting counsel, dkt. 32 in No. 20-cv-55-slc and dkt. 35 in No. 21-cv-185-slc, are DENIED without prejudice.

Entered this 17th day of November, 2022.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge